IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CIMZNHCA, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-cv-765 –SMY-MAB ) ) |
| UCB, INC., RXC ACQUISITION COMPANY d/b/a RX CROSSROADS, OMNICARE, INC., and CVS HEALTH CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of the United States of America's (the "Government") Motion to Alter Judgment (Doc. 85). The Government, arguing the Court misapplied the Ninth Circuit's decision in *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139 (9th Cir. 1998), seeks reconsideration of the Court's Order denying its Motion to Dismiss (Doc. 83). Relator filed a Response in opposition to the Motion (Doc. 86).

*F.R.C.P.* 59(e) provides a basis for relief when a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989). A Rule 59(e) motion will be granted upon a showing of either evidence in the record that clearly establishes a manifest error of law or fact or newly discovered

evidence not previously available. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

"Manifest error" is not demonstrated merely by the disappointment of the losing party. *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D. Ill. 1997). Rather, it is a court's "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* The Government contends this Court misapplied *Sequoia Orange* by evaluating the Government's stated reasons for dismissal rather than simply accepting them. This argument, however, is premised on the standard adopted by the D.C. Circuit Court in *Swift v. United States*, 318 F.3d 250, 252 (2003) – a standard this Court has rejected.

Under *Sequoia Orange*, courts do not blindly accept the Government's stated reasons for dismissal, but instead, conduct a judicial a limited judicial review to ensure the Government's decision to dismiss is not fraudulent, arbitrary or an abuse of power. The appropriate analysis involves a determination of the existence of a valid governmental purpose and a rational relationship between dismissal and the accomplishment of that purpose. *Sequoia Orange Co.,* 151 F.3d at 1145.

Here, the Government asserted that its move to dismiss was rationally related to its legitimate interest in avoiding the expenditure of substantial resources on a case it believes to be without merit and contrary to important policy prerogatives of its healthcare programs. The Government's claim that it reached this conclusion after having conducted an extensive investigation was belied by the parties' briefing and the evidence adduced during the evidentiary hearing, which showed that while the Government collectively and generally investigated the eleven *qui tam* cases filed by the Relator, its investigation into the claims

specifically asserted in this case was minimal and it conducted no meaningful cost-benefit analysis.

Nevertheless, the Government argues that this Court "…erred in substituting its judgment for the government's in determining how the government should apply its limited resources, and in concluding that the government needed to conduct further investigation before seeking to dismiss this action to preserve those resources." (Doc. 85, pp.2-3). But this is an inaccurate depiction of the review the Court actually conducted. The Court did not concern itself with how the Government expends its resources. Rather, consistent with *Sequoia Orange*, it tested the Government's stated reasons for seeking dismissal against the facts and evidence presented and concluded that the record simply did not support a rational relationship between the Government's identified cost and policy considerations and dismissal of this *qui tam* action.

There is also no newly discovered evidence supporting the Government's Motion. The consideration of newly discovered evidence requires a showing by the moving party that it did not know and reasonably could not have discovered with reasonable diligence the evidence proffered. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). Apparently recognizing its failure to satisfy the *Sequoia Orange* standard, the Government attached additional exhibits to its Motion – two Declarations by Department of Justice Attorneys and the Settlement Agreement from an unrelated *qui tam* action against Novo Nordisk (Docs. 85-1, 85-2). The information contained in these exhibits was obviously available to the Government prior to this Court's ruling on the Motion to Dismiss. As such, it does not constitute newly discovered evidence and may not be properly considered at this juncture.

For the foregoing reasons, this Court is satisfied that it made no errors of law or fact and that its ruling denying the Government's Motion to Dismiss is correct. Accordingly, the Motion to Alter Judgment (Doc. 85) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  June 7, 2019**

**STACI M. YANDLE**
**United States District Judge**